# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY KEITH DAILEY,**

       **Plaintiff,**

**v.**                                                                          **Civil Action No. 2:07cv94**
                                                                        **(Judge Maxwell)**

**SAINT MARY'S CORRECTIONAL CENTER,**
**WILLIAM M. FOX, TONEY LEMASTERS,**
**DAN KIMBLE, SMCC RESIDENTIAL SUB-ABUSE**
**AND THERAPEUTIC BEHAVIOR THERAPY PROGRAM,**

       **Defendants.**

## ORDER ON PENDING MOTIONS

The *pro se* plaintiff initiated this civil rights action on November 19, 2007. After payment of the initial partial filing fee, the undersigned conducted a preliminary review of the complaint and determined that summary dismissal was not appropriate at that time. Therefore, the undersigned issued an Order to Answer for the defendants. The Clerk issued summonses on December 21, 2007, and forwarded the necessary paperwork to the United States Marshal Service ("USMS") for service of process.

On January 8, 2008, the defendants filed a "Motion to Quash Attempted Service on the Defendants and Plaintiff's Request for Production of Documents." In the motion, the defendants assert that on or about December 14, 2007, the plaintiff filed certificates of service in this case stating that an Order to cause preliminary injunction was served upon defendant William Fox by first class mail. In addition, the defendants assert that on December 17, 2007, they received a request for production of documents from the plaintiff by United States mail. However, the defendants assert that the plaintiff has not properly effected service of the complaint and that discovery has not yet commenced in this action. Thus, the defendants seek an Order quashing plaintiff's attempt to serve process and his request for production of documents.

On January 15, 2008, the USMS filed a return of service executed for each defendant. In the returns of service, the USMS states that service was effected upon the defendants on January 9, 2008.

On January 16, 2008, the plaintiff filed an objection to the defendants motion to quash. In his objection, the plaintiff asserts that the statements made by the defendants in their motion to quash are false. Specifically, the plaintiff asserts that the defendants state that they did not receive a copy of the complaint as the plaintiff certified on December 4, 2007. However, the plaintiff asserts that he received a document from the defendants insurance company on January 10, 2008, which states that the company is in receipt of a copy of the lawsuit filed in this case. Moreover, the plaintiff asserts that certificates of service were sent not only to Warden Fox as stated by the defendants, but to all of the defendants. Thus, the plaintiff asserts that all of the defendants have received the appropriate documentation. The plaintiff further asserts that the defendants state that they received a copy of a request for production of documents, but fail to mention the interrogatories he also sent. The plaintiff asserts that all of the above-mentioned documents were sealed together in the same envelope. Therefore, if the defendants received one of the documents, they must have received all of them.

Additionally, the plaintiff asserts that he also provided the defendants with a Notice of Request for Waiver of Service of Summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. The plaintiff states that the defendants have knowingly and openly refused to do their duty under Rule 4 by failing to waive service of summons. Also, the plaintiff asserts that pursuant to Rules 26-37 of the Federal Rules of Civil Procedure, discovery can commence as soon as the complaint is filed. Thus, his discovery requests are not premature.

Finally, the plaintiff asserts that the Court's added service of the defendants moots the defendants' motion and requests that it be dismissed in whole. The plaintiff also asserts that discovery should be permitted at this time and the defendants be directed to answer his request for

production of documents and interrogatories. Moreover, because of the defendants failure to waive service, the plaintiff asserts that he will seek costs. Plaintiff filed a motion for costs on January 16, 2008.

A. **Motion to Quash Service and Discovery Request**

It appears that the plaintiff has misinterpreted the nature of the defendants' motion to quash service. The plaintiff believes that the defendants have asserted that process should be quashed because it was not received. That is not the case. The defendants concede that they received copies of the plaintiff's attempt to service process. However, the defendants assert that such process was not properly effected. The Court agrees. Nonetheless, the Marshal Service has since effected proper service upon the defendants. Thus, the defendants motion to quash service (dckt. 20-1) is **DENIED** as moot. The defendants have twenty days to answer the complaint from the date they were served by the USMS.

As to the plaintiff's requests for discovery, Rule 26(a)(1)(E)(iii) provides that discovery is not permitted in "an action brought without counsel by a person in custody of the United States, a state, or a state subdivision," without the express permission of the Court. Being that the defendant has not yet filed an answer, the undersigned finds that discovery is premature and that no permission was granted to the Plaintiff to file any discovery. Accordingly, the defendants motion to quash discovery (dckt. 20-2) is **GRANTED**. The defendants are not required to respond to the plaintiff's request for production of documents or interrogatories at this time.

B. **Plaintiff's Motion for Costs**

In this motion, the plaintiff seeks costs for the defendants failure to waive service of summons. However, according to 28 U.S.C. § 1915(d), officers of the court shall issue and serve all process, and perform all duties in cases where the plaintiff is permitted to proceed *in forma pauperis*. Moreover, Rule 83.03 of the Local Rules for Prison Litigation Procedure states:

> If the plaintiff has been granted leave to proceed without prepayment

3

of fees, the Clerk will complete and issue a summons form for each defendant, complete the Form USM 285 – Process Receipt and Return – and forward these documents, along with copies of the complaint and order directing service, to the United States Marshals Service. If the plaintiff has not been granted leave to proceed without prepayment of fees, the Court will enter an order directing the plaintiff to service the complaint on each defendant.

Accordingly, the Court had an affirmative duty to issue service of the summons and complaint on the defendants in this case. Therefore, the plaintiff is not entitled to costs for the defendants failure to waive service of summons upon his improper attempts to serve process on his own. For these reasons, the plaintiff's motion for costs (dckt. 29) is **DENIED**.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED:   January 29, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE