# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY KEITH DAILEY**

    Petitioner,

v.                                                             **Civil Action No. 2:07cv94**
                                                                          **(Judge Maxwell)**

**ST. MARY'S CORRECTIONAL FACILITY,**
**WILLIAM M. FOX,**
**TONY LeMASTERS,**
**DAN KIMBLE AND**
**SMCC RESIDENTIAL SUBSTANCE ABUSE**
**AND THERAPEUTIC BEHAVIOR THERAPY PROGRAM**,

    Respondents.

## REPORT AND RECOMMENDATION/OPINION

### I. Factual and Procedural History

The *pro se* plaintiff initiated this case on November 19, 2007, by filing a civil rights complaint against the above-name defendants. In the complaint, the plaintiff asserts that the defendants violated his constitutional rights when they removed him from substance abuse treatment, wrote a false incident report and opened and copied his personal mail.

On January 16, 2008, the plaintiff filed a Motion to Amend the Original Complaint.

On January 29, 2008, the defendants filed a Motion to Dismiss, or Summary Judgment. In support of their motion, the defendants assert that the plaintiff's claims are not exhausted and/or that he fails to state a claim of relief.

On February 28, 2008, the plaintiff filed his response in opposition to the defendants' Motion to Dismiss. In his response, the plaintiff restates his claims that defendants removed him from substance abuse treatment, wrote a false incident report and opened and copied his personal

mail.

On April 4, 2008, the Court entered an Order granting plaintiff's Motion to Amend the Original Complaint. In the amended complaint, however, plaintiff merely reiterates the claims raised in the original complaint and asks for further injunctive relief.

On April 24, 2008, the defendants filed a Motion to Dismiss the Plaintiff's Amendment Complaint. In their motion, defendants reassert their claims included in the first Motion to Dismiss.

This case is before the undersigned for a Report and Recommendation on the defendants' Motion to Dismiss or for Summary Judgment.

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp.,910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

B.    **Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth or limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue at trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587

3

(citation omitted).

### III. Analysis

**A. Joinder**

In his complaint, the plaintiff states he is filing suit on behalf of himself and "plaintiff Luella Marie Burns." See Complaint (dckt. 1) p. 2. Ms. Burns is the mother of Mr. Dailey. Additionally, plaintiff states that Ms. Burns is not currently nor has she ever been incarcerated in West Virginia or any other state. Id. Based on this fact, plaintiff contends that his complaint is exempt from the requirements of exhaustion in 42 U.S.C. § 1997E. Id.

Rule 17 of the Federal Rules of Civil Procedure states, in pertinent part, "every action shall be prosecuted in the name of the real party in interest." According to the record, there exists no allegations of wrong to Ms. Burns. Therefore, Ms. Burns can not be classified as a real party of interest in this matter. Moreover, the plaintiff does not state in his complaint that he is representing her as executor, administrator, guardian, or trustee, or another capacity. Furthermore, plaintiff does not state he is suing on behalf of Ms. Burns because she lacks capacity as an individual or otherwise. Hence, the plaintiff has failed to show any allegations or wrongs against Ms. Burns, or how Ms. Burns relates to the allegations of wrongs in general. Therefore, Ms. Burns should be dismissed as a plaintiff in this matter.

**B. Exhaustion**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies. 42 U.S.C. §1997e. Exhaustion as provided in §1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison

conditions" is not defined in 42 U.S.C. §1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002). Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth, 532 U.S. at 741.

The actions of the defendants removing the petitioner from the RSAT program constitute actions "with respect to prison conditions" within the meaning of the PLRA and the requirement of exhaustion of administrative remedies applies to those actions and the alleged effects of those actions.

The West Virginia Department of Corrections has established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G-1 Grievance Form with the Unit Supervisor or appropriate Staff Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections.

The Fourth Circuit has determined that the PLRA does not require a prisoner to allege that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). The Fourth Circuit further found that exhaustion is an affirmative defense, but that a district court may dismiss the complaint where the failure to exhaust is apparent from the face of the complaint or that the court may inquire "on its own

motion into whether the inmate exhausted all administrative remedies." Id. 683.

By his own admissions, the plaintiff states that he has not exhausted all his possible administrative avenues. See Response (dckt. 37) p. 1. In the plaintiff's response to the defendants' Motion for Summary Judgment, the plaintiff clearly states that he has complied with the first two levels of the administrative grievance process. Id. However, plaintiff clearly states that he has failed to continue the matter to the third level of the administrative grievance process; plaintiff has not appeal his Level 2 decision to the Commissioner of the Division of Corrections. Id. Instead, plaintiff has filed a complaint with the West Virginia Attorney's General Office. Id. Hence, the plaintiff has failed to appeal his grievance through entire administrative process and his complaint should be dismissed. See Woodford v. Ngo, 548 U.S. 81 (2006) (proper exhaustion means using all steps the agency holds out, and doing so properly).

### IV.  Recommendation

For the foregoing reasons, the undersigned recommends that the defendants' Motions to Dismiss, or for Summary Judgment (dckts. 34 & 47) be **GRANTED** and that the complaint be **DISMISSED without prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir.

1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 16, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE